Below is an Order of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No._____ |
| | ) |
| | ) ORDER, DRAFTED ON:_____, |
| | ) RE: RELIEF FROM (Check ALL that apply): |
| | )     DEBTOR STAY     CODEBTOR STAY |
| | ) CREDITOR:_____ |
| Debtor(s) | ) CODEBTOR:_____ |

The undersigned, _____, whose address is _____
_____, Email address is _____,
Phone No. is _____, and any OSB # is _____, presents this Order based upon:

The completed Stipulation of the parties located at the end of this document.

The oral stipulation of the parties at the hearing held on _____.

The ruling of the court at the hearing held on _____.

Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

**IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

Personal property described as (e.g., 2001 Ford Taurus):

Real property located at (i.e., street address):

[Optional UNLESS In Rem Relief Granted]  Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/10)    **Page 1 of 3**

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

1. **Regular Payment Requirements**.

    a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

    b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control.  Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

    c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

2. **Cure Payment Requirements**.  Debtor(s) shall cure the post-petition default of $_____ consisting of

    (e.g., $_____ in payments and $_____ in late charges for April - June, 2002), as follows:

    a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

    b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

    c. Other (describe):

3. **Insurance Requirement(s)**.  Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

    On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

    a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

    b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

    c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    f. Creditor is granted relief from stay to _____
    _____.

    g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A.  This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order.  Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☐ Debtor(s) and ☐ Attorney for Debtor(s) that gives Debtor(s) ____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

   b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.

   c. Only ____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

7. **Miscellaneous Provisions**.

   a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

   b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

9. Other:

**PRESENTED, AND CERTIFIED, BY:**   ###

_____

IT IS SO STIPULATED:

Creditor's Attorney:                                     Debtor(s)'s Attorney:

_____     _____
Name: _____     Name: _____
OSB#: _____     OSB#: _____

NO OBJECTION TO ORDER BY CASE TRUSTEE:       Codebtor's Attorney:

By:_____     _____
                                                                        Name: _____
                                                                        OSB#: _____

720.90 (12/1/10)   **Page 3 of 3**

### Exhibit "A"

Real property in the County of Clackamas, State of Oregon, described as follows:

Part of the Southwest one-quarter of the Southwest one-quarter of the Northwest one-quarter of Section 13, Township 2 South, Range 4 East, of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as:

Beginning at an iron stake, said stake bearing North 469.0 feet and East 230.0 feet from the quarter section corner between Sections 13 and 14, Township 2 South, Range 4 East, of the Willamette Meridian; thence from above described beginning point East 166.7 feet to an iron stake; thence North 0°02' East a distance of 75.0 feet to a point; thence West a distance of 166.75 feet to a point; thence South 75.00 feet to the place of beginning.

Together with part of the Southwest quarter of the Northwest quarter of Section 13, Township 2 South, Range 4 East, of the Willamette Meridian, described as:

Beginning at a point 669.00 feet, more or less, North and 230.00 feet East of the Southwest corner of the Northwest quarter of Section 13, Township 2 South, Range 4 East, of the Willamette Meridian, and on the corner of a tract conveyed to Wilbur Dodd and Margaret Dodd, his wife, by Deed recorded July 6, 1937 in Book 238, page 263, Records of Clackamas County, Oregon; thence East on the South line of said Hood Avenue 169.84 feet, more or less, to the Northwest corner of a tract of land conveyed to Charles Sharnke by Deed recorded January 19, 1921 in Book 161, page 394, Deed Records aforesaid; thence South along the West line of said Charles Sharnke land 125.00 feet; thence West 169.84 feet, more or less, to a point South of the point of beginning; thence North 125.00 feet along the East line of said Dodd Tract and projection thereof 125.00 feet to the point of beginning.

Excepting therefrom that portion conveyed to Margaret Ann Bell by Deed recorded July 6, 1945 in Book 347, page 175, more particularly described as:

Part of the Southwest quarter of the Northwest quarter of Section 13, Township 2 South, Range 4 East, of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as:

Beginning at a point which is 669.00 feet, more or less, North and 230.00 feet East of the Southwest corner of the Northwest quarter of Section 13, Township 2 South, Range 4 East, of the Willamette Meridian, and on the South boundary of Hood Avenue; which beginning point is the Northeast corner of a tract of land conveyed to Wilbur Dodd and Margaret Dodd, his wife, by Deed recorded July 6, 1937 in Book 238, page 263, Records of Clackamas County, Oregon; thence East on the South line of Hood Avenue 104.00 feet to a point; thence South parallel with the East line of said Dodd Land 200.00 feet to the South line of land conveyed to Willard Bosholen and Sadie E. Bosholen, his wife, by Deed recorded November 17, 1944 in Book 335, page 30; thence West on the South line of said Bosholen Land 104 feet to the Southwest corner thereof; thence North along the West line of land conveyed said Boshlen in Book 335 of Deeds at page 30 and to Willard Bosholm and Sadie Bosholm, his wife in Book 319 of Deeds at page 72, a distance of 200.00 feet to the place of beginning.

Tax Parcel Number: 00657499



*First American Title*